UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONDON MARQUIS BUTLER,<br><br>    Plaintiff,<br><br>  v.<br><br>KINGS COUNTY, et al.,<br><br>    Defendants. | No. 1:24-cv-00193 KES GSA (PC)<br><br><u>FINDINGS AND RECOMMENDATIONS</u><br><br>ORDER RECOMMENDING THAT THIS MATTER BE DISMISSED FOR FAILURE TO PROSECUTE<br><br>PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, the undersigned will recommend that this matter be dismissed for failure to prosecute. Plaintiff will have fourteen days to file objections.

I.    <u>RELEVANT BACKGROUND</u>

    A.  <u>Filing of Complaint</u>

On February 12, 2024, Plaintiff's complaint and his application to proceed in forma pauperis and his six-month prison trust fund account statement were docketed. ECF Nos. 1, 2. The next day, the Court granted his application to proceed in forma pauperis. ECF No. 4.

1

1    In April 2024, Plaintiff filed a motion to amend his complaint, along with a first amended
2 complaint ("FAC").  ECF Nos. 8, 9.  Weeks later, on July 3, 2024, the Court granted Plaintiff's
3 request to amend, and it screened Plaintiff's FAC.  See ECF No. 11.

4    B.  Screening of First Amended Complaint; Grant of Leave to Amend

5    In the Court's screening order, it determined that Plaintiff's FAC failed to state a claim
6 upon which relief could be granted.  ECF No. 11 at 13.  As a result, Plaintiff was directed to file
7 an amended complaint, and he was given thirty days to do so.  Id.  At that time, he was cautioned
8 that his failure to comply with the Court's order within the time allotted could result in a
9 recommendation that this case be dismissed.  Id.

10   On July 17, 2024, Plaintiff's request for a sixty-to-ninety-day extension of time to file the
11 amended complaint was docketed.  ECF No. 12.  In support of the motion, Plaintiff stated that
12 because he was being transferred from jail to Wasco State Prison ("WSP"), he was currently
13 being housed in a reception center at WSP.  Id. at 1.  As a result, he did not have access to the
14 prison law library in order to draft his complaint, nor was he able to use the phone or write letters
15 so that he could receive the documents he needed in order to meet the Court's deadline.  Id.
16 Shortly thereafter, the Court granted Plaintiff's extension of time request and he was granted an
17 additional ninety days to file his second amended complaint ("SAC").  ECF No. 13.  This made
18 Plaintiff's SAC due on October 17, 2024.  Id. at 2.  At that time, once again, Plaintiff has
19 cautioned that his failure to timely comply with the Court's order could result in a
20 recommendation that this matter be dismissed.  Id.

21   C.  Failure to Amend; Issuance of Order to Show Cause; Failure to Respond

22   Plaintiff failed to file an amended complaint, nor did he request additional time to do so.
23 As a result, on November 8, 2024, Plaintiff was ordered to show cause why this case should not
24 be dismissed.  See ECF No. 14.  As an alternative to filing the showing of cause, Plaintiff was
25 also given the option of filing his SAC.  Id. at 2.  He was given thirty days to take either course of
26 action.  Id.

27   More than thirty days have now passed and Plaintiff has not responded to the Court's
28 order to show cause, nor has he requested an extension of time to do so.  Since Plaintiff filed his

request for the ninety-day extension of time to file the SAC in July of 2024, he has not interacted with the Court or moved his case forward.

## II. APPLICABLE LAW

### A. Federal Rule of Civil Procedure 41(b) and Local Rule 110

Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails to prosecute or he fails to comply with a court order. See Fed. R. Civ. P. 41(b). Local Rule 110 also permits the imposition of sanctions when a party fails to comply with a court order. L.R. 110.

### B. Malone Factors

The Ninth Circuit has clearly identified the factors to consider when dismissing a case for failure to comply with a court order. It writes:

> A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

## III. DISCUSSION

### A. Rule 41(b) and Local Rule 110 Support Dismissal of This Case

The fact that Plaintiff has failed to amend the complaint and that he has also failed to respond to the Court's order to show cause warrants dismissal of this matter, in accord with Rule 41(b). See Fed. R. Civ. P. 41(b) (permitting dismissal of action for failure to prosecute or failure to obey court order). This inaction on Plaintiff's part also warrants the imposition of sanctions in the form of dismissal of this case, consistent with Local Rule 110. See L.R. 110 (permitting sanctions for failure to comply with Local Rules or order of the Court).

### B. Application of Malone Factors Supports the Dismissal of This Case

#### 1. Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

Plaintiff has been given more than ample time to file an amended complaint and to respond to the Court's order to show cause. Yet, he has failed to do either, nor has he contacted the Court to provide an exceptional reason for not having done so.

The Eastern District Court has an unusually large caseload.[1]  "[T]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of frivolous and repetitious requests." Whitaker v. Superior Court of San Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted).  Thus, it follows that keeping this case on the Court's docket when:  (1) it has been determined that the complaint fails to state a claim, and (2) Plaintiff clearly has no interest in prosecuting it in a timely manner, is not a good use of the Court's already taxed resources, and doing so would stall a quicker disposition of this case.  Additionally, in fairness to the many other litigants who currently have cases before the Court, no additional time should be spent on this matter, irrespective of any amended complaint that might be filed by Plaintiff – or any other action that might be taken by him – after the issuance of this order.

## 2. Risk of Prejudice to Defendants

Furthermore, because Defendants have yet to be served in this case, and, as a result, have not put time and effort into defending against it, there will be no prejudice to them if the matter is dismissed.  On the contrary, dismissal will benefit Defendants because they will not have to defend themselves against any later-determined viable claims in Plaintiff's complaint.

## 3. Availability of Less Drastic Sanctions; Favored Disposition of Cases on Merits

Finally, given that Plaintiff has allowed this case to languish on the Court's docket for

---

[1] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

4

months post-screening, including that Plaintiff's complaint has been determined not to state viable claims, there is no less drastic option than dismissal. Without actionable claims against Defendants, this matter cannot be prosecuted, nor can it be disposed of on its merits.

IV.   CONCLUSION

For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rule 110, and having considered the Malone factors, the undersigned recommends that this matter be dismissed without prejudice for failure to prosecute. Plaintiff shall be given fourteen days to file objections to this order.

Accordingly, IT IS HEREBY RECOMMENDED that this matter be DISMISSED for failure to prosecute. See Fed. R. Civ. P 41(b); Local Rule 110.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections. To the extent that Plaintiff wishes to refer to any exhibit, when possible, he must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity. Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations. Plaintiff's failure to file objections within the specified time may result in the waiver of certain rights on appeal. See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 11, 2025**              /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE