UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONDON MARQUIS BUTLER, | No. 1:24-cv-00193-KES-GSA (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE |
| v. | |
| KINGS COUNTY, et al., | Doc. 15 |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.[1] The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 11, 2025, the magistrate judge issued findings and recommendations recommending that the matter be dismissed without prejudice for failure to prosecute. Doc. 15. Specifically, the findings and recommendations found that the relevant factors—that is, the public's interest in expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to the defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic sanctions—weigh in favor of dismissing the case without

---

[1] At the time he filed his complaint, plaintiff was a county jail inmate and pretrial detainee. *See* Doc. 1.

1

prejudice as a sanction for plaintiff failing to prosecute. *Id.* at 3; *see Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (upholding district court's dismissal, pursuant to the five factors, for failure to prosecute). The findings and recommendations were served on plaintiff and contained notice that any objections to the findings and recommendations were due within fourteen days. *Id.* at 5. Plaintiff has not filed objections, and the time to do so has expired.[2]

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court performed a de novo review of the case. Having carefully reviewed the matter, the Court concludes that the conclusion that the *Henderson* factors support dismissal of this case without prejudice for failure to prosecute is supported by the record.

As the findings and recommendations correctly note, the first two factors weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). The public's interest in expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal because the Court cannot effectively manage its docket, nor can the litigation be expeditiously resolved, if plaintiff fails to comply with the Court's Order to file an amended complaint after finding that plaintiff failed to state a claim or to respond to the Court's Order to show cause why the matter should not be dismissed.

As to the third factor, the risk of prejudice to the defendant also weighs in favor of dismissal, given that unreasonable delay in a case gives rise to a presumption of injury to the defendant. *See, e.g.*, *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). While the fourth consideration, that public policy favors disposition of cases on their merits, generally weighs against dismissal, here it lends little support "to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006)

---

[2] Though the findings and recommendations were returned to the Court as undeliverable, they were properly served on plaintiff. *See* Local Rule 182(f) ("Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective.").

1  (citations omitted).

2  Finally, there is little else available to the Court that would constitute a satisfactory lesser
3  sanction.  Given that plaintiff proceeds in this case in forma pauperis, it appears that monetary
4  sanctions would be of little use.  Additionally, the findings and recommendations were returned
5  to the Court as undeliverable on March 24, 2025, and plaintiff has not since updated his address
6  or otherwise communicated with the Court.  *See* Docket.  This confirms there is no alternate
7  lesser sanction available to the Court, given the Court's inability to communicate with plaintiff.
8  *See, e.g., Gaston v. Marean*, 2020 WL 4059200, at *3 (E.D. Cal. July 20, 2020) ("[G]iven the
9  Court's apparent inability to communicate with Plaintiff, there are no other reasonable
10 alternatives available to address Plaintiff's failure to prosecute this action and his failure to
11 apprise the Court of his current address.").[3]

12 Accordingly,

13 1. The findings and recommendations issued March 11, 2025 (Doc. 15) are adopted;
14 2. This matter is dismissed without prejudice for plaintiff's failure to prosecute; and
15 3. The Clerk of Court is directed to close this case.

18 IT IS SO ORDERED.

19 Dated:    May 29, 2025

UNITED STATES DISTRICT JUDGE

---

[3] Moreover, plaintiff's failure to update the Court of his new address within thirty days would be, by itself, sufficient grounds for dismissal of this case for failure to prosecute.  *See* Local Rule 183(b).

3